UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER N. PATTERSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1243-WTL-TAB |
| | ) | |
| SECURITAS SECURITY SERVICE, | ) | |
|     Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Pro se Plaintiff Christopher Patterson sued his former employer Defendant Securitas Security Services for employment discrimination. Patterson now has counsel and seeks leave to amend his complaint to restate his employment discrimination claim and to add an "Intentional/Negligent Infliction of Emotional Distress" claim. [Docket No. 13.]

Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend as a matter of course, it may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The rule reflects a liberal view toward amendments, but "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

Securitas does not argue that Patterson's proposed amendment is untimely or unduly prejudicial. Rather, Securitas argues that the proposed intentional and negligent infliction of emotional distress claims are futile. Proposed amendments are futile if they would fail to state a claim upon which relief could be granted. *Schaefer-LaRose v. Eli Lilly & Co.*, No. 1:07-cv-1133-SEB-TAB, 2008 WL 746399, at *1 (S.D. Ind. Feb. 25, 2008); *Wallace v. Free Software*

*Found., Inc.*, No. 1:05-cv-618-JDT-TAB, 2006 WL 2038644, at *4 (S.D. Ind. Mar. 20, 2006).

Patterson's additional proposed intentional and negligent infliction of emotional distress claims allege as follows:

> 24. Defendant's conduct was extreme and outrageous.
> 25. Defendant's conduct caused severe emotional distress.
> 26. Defendant's actions involved violation of a legal right by its very nature likely to provoke emotional distress.

Intentional infliction of emotional distress requires proof that the defendant (1) engaged in extreme and outrageous conduct (2) which intentionally or recklessly (3) caused (4) severe emotional distress to another. *Lachenman v. Stice*, 838 N.E.2d 451, 456 (Ind. Ct. App. 2005). Patterson's proposed amendment does not allege intent, nor does it provide any factual allegations supporting the required elements. Instead, Patterson alleges only legal conclusions couched as factual allegations, which are insufficient to state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Patterson's claim is a relatively straightforward race discrimination claim arising out of his termination, nothing more. Patterson's proposed intentional infliction of emotional distress claim is therefore futile.

Negligent infliction of emotional distress requires "a plaintiff to demonstrate a direct physical impact resulting from the negligence of another" or that the plaintiff is a bystander who "actually witnessed or came on the scene soon after the death or severe injury of a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling caused by the defendant's negligent or otherwise tortious conduct." *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 997–98 (Ind. 2006). Patterson's proposed amendment does not allege any facts suggesting that he sustained a direct physical impact or witnessed an injury to a loved one under the bystander exception. Again, Patterson is simply alleging he was fired

because of his race. Patterson's proposed negligent infliction of emotional distress claim is therefore futile.

Because Patterson's proposed intentional and negligent infliction of emotional distress claims are futile, the Court grants Patterson's motion for leave to amend complaint only in part. Patterson may file an amended complaint omitting the futile claim for "Intentional/Negligent Infliction of Emotional Distress." Plaintiff shall have fourteen days to do so.

Dated: 04/22/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Steven Smith Davis
ROBERTS & BISHOP
sdavis@roberts-bishop.com

Danielle B. Tucker
TAFT STETTINIUS & HOLLISTER LLP
dtucker@taftlaw.com